UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Randy Raines,

Petitioner,

vs. REPORT AND RECOMMENDATION

State of Minnesota,

Respondent. Civ. No. 07-1622 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of Randy Raines for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed,[1] for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.

[1]Rule 4 provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## II. Factual and Procedural Background

In July of 2003, a Pine County Sheriff's Deputy stopped a car that had rolled through a stop sign in Pine County, Minnesota. See, Petitioner's Memorandum of Law in Support of Petition ("Petitioner's Memorandum"), Docket No. 2, at p. 1. The driver was taken into custody, and he later told law enforcement officials that the Petitioner was making methamphetamine at the Petitioner's residence. Based on that information, another Pine County Sheriff's Deputy called a local Judge on the telephone at approximately 3:00 o'clock a.m., and requested a Search Warrant for the Petitioner's residence. The Deputy read the Application for a Search Warrant to the Judge over the phone, and the Judge verbally approved a "no-knock" Warrant for the Petitioner's residence. See, Id. at pp. 2-3.

Approximately two (2) hours later, the Warrant was executed, and law enforcement seized some methamphetamine, as well as some equipment used to manufacture methamphetamine. The Petitioner was charged with a First Degree Controlled Substance offense for allegedly manufacturing methamphetamine. See, Petition, Docket No. 1, at p. 4.

During the pre-Trial proceedings in the Petitioner's criminal case, he moved to suppress the evidence that had been seized pursuant to the Search Warrant for his

residence. Id., The Petitioner argued that the Warrant was invalid, under Minnesota law, for several reasons, including the following: 1) the Judge, who had issued the Warrant, did not require the Deputy to explain why it was necessary to issue the Warrant by phone, rather than by more conventional means; 2) there was, in fact, no genuine need to issue the Warrant by phone, because the Judge was only a short distance away from the Deputy, and the Deputy expressed a willingness to see the Judge in person; 3) the Warrant was issued based on allegedly false information supplied by the Deputy; 4) the Prosecutor did not file a transcript of the recorded phone conversation, between the Judge and the Deputy, in a timely manner, and, as a result, the Petitioner did not have an adequate opportunity to review the transcript; 5) the Deputy did not make arrangements to have the Judge sign a copy of the Search Warrant to verify -- after the fact -- that it was issued by the Judge; and 6) the Deputy allegedly failed to give the Petitioner a copy of the Warrant at the time of the executed search. See, Petitioner's Memorandum, at pp. 7-8 and 10-11.

The Trial Court rejected all of the Petitioner's challenges to the validity of the Search Warrant, and denied his Suppression Motion. The case was thereafter submitted for a Trial to the Court, and the Petitioner was found guilty, presumably,

in some part, on the evidence obtained by the Search Warrant. The Petitioner was sentenced to 81 months in prison. See, Petition, at pp. 1-2, ¶¶ 1-3.[2]

After the Petitioner was convicted and sentenced, he filed a direct appeal, in which he again challenged the validity of the Search Warrant. The Minnesota Court of Appeals reviewed the Petitioner's claims on the merits in a published decision. See, State v. Raines, 709 N.W.2d 273 (Minn. App. 2006), rev. denied, April 18, 2006. The Minnesota Court of Appeals concluded that, while there might have been "minor violations" of State law during the process of obtaining and executing the Search Warrant for the Petitioner's residence, any such violations would "not require suppression of evidence seized under the warrant." Id. at 279-80. Therefore, the Petitioner's conviction, and sentence, were affirmed on direct appeal. The Minnesota Supreme Court later denied the Petitioner's request for further review of his Search Warrant claims.

---

[2]A website operated by the Minnesota Department of Corrections reflects that the Petitioner is presently on supervised release from prison. Although, apparently, the Petitioner was not incarcerated when he filed his Petition, we still find him to be "in custody," for purposes of the Federal Habeas Corpus statutes, because of his supervised release status. See, Jones v. Cunningham, 371 U.S. 236, 240-43 (1963) (paroled prisoner is in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally.").

In his current Federal Habeas Corpus Petition, which was filed on March 23, 2007, the Petitioner -- once again -- challenges the validity of the Search Warrant for his residence. He contends as follows:

> Petitioner's rights under the Fourth Amendment of the United States Constitution and Article I section 10 of the Minnesota State Constitution were violated when the [State] District Court, Court of Appeals and the Minnesota Supreme Court refused to suppress evidence that was gathered pursuant to a warrant that was defective, because procedures for obtaining the warrant were not followed.

Petition, at p. 3.

We find, for the reasons we detail below, that the Petitioner's current Fourth Amendment claims cannot properly be raised, or adjudicated, in a Federal Habeas Corpus proceeding. Therefore, this action must be summarily dismissed.

III. Discussion

A. Standard of Review. It is well-settled "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Accordingly, "a Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state

provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994)(en banc), cert. denied, 514 U.S. 1052 (1995); see also, Poole v. Wood, 45 F.3d 246, 249 (8th Cir. 1995), cert. denied, 515 U.S. 1134 (1995).

Notably, the determination as to whether there has been a breakdown in a State's procedure does not require an intensive review of the State Trial Court Record, such as an examination of the factual findings that pertain to the Petitioner's search-and-seizure claims, or a review of the application of Fourth Amendment principles to those findings of fact. See, Willett v. Lockhart, supra at 1272. Moreover, while a breakdown in the State's procedural mechanisms may also occur at the State appellate level, "[a] state appellate court's summary affirmance, a short opinion, or a written opinion that fails to discuss one or more of the issues raised is not by itself indicative of the state's review mechanism." Id., citing Capellan v. Riley, 975 F.2d 67, 72 (2nd Cir. 1992). In the final analysis, therefore, "[t]he federal courts on habeas review of [search-and-seizure] claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. at 1273 [emphasis in original].

B. Legal Analysis. With these principles as our guide, we conclude that the Petitioner's Fourth Amendment claims are not cognizable under Section 2254, as the Record conclusively demonstrates that the Petitioner was afforded a full and fair opportunity to litigate those claims in the State Courts.

The Petitioner was provided with ample opportunity to raise -- and he did, in fact, raise the Fourth Amendment claim -- which he now seeks to reargue in his Petition. The Trial Court conducted a Pretrial Suppression Hearing, at which the Petitioner argued the same contentions that now comprise the entirety of the grounds on which he seeks Habeas relief. The Petitioner again argued the same claimed Fourth Amendment violations in his direct appeal of his conviction to the Minnesota Court of Appeals. See, State v. Raines, supra. As we have related, the Court of Appeals affirmed the Petitioner's conviction, and the Minnesota Supreme Court denied further review. Id.

While the Petitioner obviously disagrees with the State Courts' resolution of his Fourth Amendment claims, it is undeniable that he did have an opportunity to litigate those claims -- which is all that Stone requires. It is immaterial whether the Petitioner -- or the Federal Courts -- may disagree with the State Courts' decisions on those

claims, for all that matters is that the Petitioner had a chance to present his claims. Willett v. Lockhart, supra at 1273.

In sum, the Petitioner was afforded a full opportunity to present his claimed Fourth Amendment violations in the appropriate State forum. As a result, we conclude that the Petitioner has failed to demonstrate that any unconscionable breakdown in the State procedures has occurred, which would have the effect of denying him an opportunity to fully and fairly address his Fourth Amendment challenges in that State forum. More importantly, the Petitioner does not advance any such contention. Instead, the Record confirms that the Petitioner's search-and-seizure claims received all of the attention, in the State Courts, that Stone requires and our evaluation of the decisions, which were relied upon by the State Courts, is not material to whether the claims should again be heard -- this time in a Federal forum. Willett v. Lockhart, supra at 1273. Thus, we conclude that the Petitioner's present Habeas Corpus Petition must be summarily dismissed pursuant to Rule 4 of the Governing Rules.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Application for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily denied, and this action be dismissed with prejudice.

Dated: March 28, 2007

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **April 13, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than April 13, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.